**2011-1521, -1636**

# United States Court of Appeals
# for the Federal Circuit

ICON HEALTH & FITNESS, INC.,

*Plaintiff-Appellant,*

*v.*

OCTANE FITNESS, LLC,

*Defendant-Cross Appellant.*

*Appeals from the United States District Court for the District of Minnesota in Case No. 0:09-CV-0319-ADM-SER, Judge Ann D. Montgomery.*

## OCTANE FITNESS, LLC'S BRIEF
## PURSUANT TO THE COURT'S JULY 14, 2014 ORDER

Rudolph A. Telscher, Jr.
rtelscher@hdp.com
Kara R. Fussner
kfussner@hdp.com
HARNESS DICKEY AND PIERCE, PLC
7700 Bonhomme Ave., Ste. 400
St. Louis, MO 63105
(314) 726-7500
(314) 726-7501 Facsimile

*Attorneys for Defendant-Cross Appellant, Octane Fitness, LLC*

August 12, 2014

## <u>CERTIFICATE OF INTEREST</u>

The undersigned counsel certifies the following:

1. The full name of every party or amicus represented by me is:

   Octane Fitness, LLC

2. The name of the real party in interest represented by me is:

   N/A

3. All parent corporations and publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

   OF Holdings, Inc.

Dated: August 12, 2014

# **TABLE OF CONTENTS**

CERTIFICATE OF INTEREST ...............................................................i

TABLE OF CONTENTS........................................................... ii

TABLE OF AUTHORITIES ................................................. iii

STATEMENT OF THE ISSUES.............................................1

PRELIMINARY STATEMENT ............................................2

ARGUMENT ........................................................................6

      A.    Where, As Here, the Supreme Court Alters a Legal Standard To Require Consideration of the Law and the Facts in Equity, Remand to the District Court Is Required.............................6

      B.    Even were this Court to Reconsider the District Court's Decision Under an Abuse of Discretion Standard of Review, the Case Must be Remanded for Proceedings Consistent with *Octane Fitness*..............................................................................8

      C.    This Court Has Already Determined that the Proper Procedure for Cases Pending Appellate Review of an Order Denying Attorney Fees Under § 285 is Vacating and Remanding for Further Proceedings Consistent with *Octane Fitness*. ........................11

CONCLUSION...................................................................12

CERTIFICATE OF SERVICE ............................................13

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Brooks Furniture Mfg. Inc. v. Dutailier Int'l, Inc.*,
　393 F.3d 1378 (Fed. Cir. 2005) .............................................................2, 3, 4, 11

*Cooter & Gell v. Hartmarx Corp.*,
　496 U.S. 384 (1990)....................................................................................................8

*Fogerty v. Fantasy, Inc.*,
　510 U.S. 517 (1994)....................................................................................................7

*FTC v. Watson Pharms. Inc.*,
　529 Fed. Appx. 985 (11th Cir. 2013)....................................................................6

*Highmark Inc. v. Allcare Health and Mgmt. Sys., Inc.*,
　572 U.S. __, 134 S.Ct. 1744 (2014)...........................................................*passim*

*ILOR, LLC v. Google, Inc.*,
　631 F.3d 1372 (Fed. Cir. 2011) ............................................................................3

*Medimmune, Inc. v. Genentech, Inc.*,
　219 Fed. Appx. 986 (Fed. Cir. 2007)...............................................................6, 7

*Medimmune, Inc. v. Genentech, Inc.*,
　549 U.S. 118 (2007)...........................................................................................6, 7, 8

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
　573 U.S. __, 134 S.Ct. 1749 (2014)...........................................................*passim*

*Pierce v. Underwood*,
　487 US. 552 (1988)....................................................................................................8

*Site Update Solutions, LLC v. Accor North America, Inc.*,
　556 Fed. Appx. 962 (Fed. Cir. 2014)..................................................................11

**Statutes**

35 U.S.C. § 285 ...........................................................................................*passim*

## <u>STATEMENT OF THE ISSUES</u>

The Court's July 14, 2014 Order requests the parties to address the following issue:

1.    The impact of the Supreme Court's decisions in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 573 U.S. __, 134 S.Ct. 1749 (2014) and *Highmark Inc. v. Allcare Health and Mgmt. Sys., Inc.,* 572 U.S. __, 134 S.Ct. 1744 (2014) on the issue of attorney fees under 35 U.S.C. § 285 in this case and how the court should proceed following the remand of the case from the Supreme Court.

## PRELIMINARY STATEMENT

Following the Supreme Court's reversal and remand of this case, this Court requested that the parties address the impact of the Supreme Court's decisions in *Octane Fitness* and *Highmark* and provide a statement as to the manner in which the case should proceed. The judgment of the district court should be vacated and the case remanded to the district court for further proceedings consistent with the Supreme Court's opinion in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 573 U.S. __, 134 S.Ct. 1749 (2014).

In *Octane Fitness,* the United States Supreme Court rejected the analytical framework of *Brooks Furniture Mfg. Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378 (Fed. Cir. 2005) and interpreted 35 U.S.C. § 285 as "inherently flexibile." The Court held that the proper inquiry for an "exceptional" case determination under § 285 is whether the case is one that "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S.Ct. at 1756. This inquiry is to be determined by the district court "in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* The Court further clarified that under the new standard "a district court may award fees in the rare case in which a party's unreasonable

conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 1757.

The Supreme Court also rejected the requirement that litigants establish a right to fees by a "clear and convincing" standard of proof. Instead, the Court held that Section 285 "demands a simple discretionary inquiry" which "imposes no specific evidentiary burden, much less such a high one." *Octane Fitness*, 134 S.Ct. at 1758. Thus, the traditional "preponderance of the evidence standard" applies. *Id.*

In denying Octane Fitness, LLC ("Octane") fees in this case, the district court applied the *Brooks Furniture* analysis and concluded that Octane had failed to show, by clear and convincing evidence, that the infringement case brought by Icon Health & Fitness, Inc. ("Icon") against Octane was both (a) brought in subjective bad faith, and (b) objectively baseless. A48 (citing *ILOR, LLC v. Google, Inc.,* 631 F.3d 1372, 1377 (Fed. Cir. 2011) and *Brooks Furniture*, 393 F.3d at 1381). In making this determination, the district court articulated the law as follows: litigation is objectively baseless only if it is "so unreasonable that no reasonable litigant could believe [they] would succeed," and subjective bad faith is found only when the plaintiff "actually knows" that the litigation has "no objective foundation." A49 and A52 (quoting *iLOR,* 631 F.3d at 1377-1378).

Utilizing this framework, the district court did not evaluate the substantive strength of Icon's position as a whole. Rather, the district court examined whether each individual argument was so independently lacking in merit as to rise to the level of frivolousness. The district court equated "frivolousness" with "objectively baseless." *See, e.g.*, A50 ("Icon's argument that Octane's machines had a 'stroke rail,' although not ultimately persuasive, was not frivolous"); A52 ("Although arguably confused and repetitive, and ultimately unavailing, Icon's summary judgment argument [about linear reciprocating displacement] was not objectively baseless").

The district court also discounted or wholly disregarded evidence that did not fit within the *Brooks Furniture* analysis or rise to the level of clear and convincing evidence. *See, e.g.*, A54 ("Even if the emails suggest Icon commenced this lawsuit to gain a competitive advantage against a smaller company, that fact does not make the lawsuit frivolous"); *id.* ("neither the email exchange, nor the relative size of the parties, nor Icon's decision not to commercialize the '710 patent, are clear and convincing evidence of subjective bad faith on Icon's part"; "[s]imply bringing suit to gain a competitive advantage is not evidence of bad faith"). Based on this analysis, the district court denied Octane's fee motion.

Under the Supreme Court's decision in *Octane Fitness,* however, the "totality of the circumstances" must be considered, including evaluating the "substantive strength" of Icon's claims together with all other evidence bearing on the "unreasonable manner" in which Icon litigated this case. Under both *Octane Fitness* and *Highmark*, this is a discretionary inquiry that belongs, in the first instance, in the district court. Here, the parties never presented, and the district court never engaged in, that broader equitable analysis. As a result, the decision of the district court must be vacated and the case remanded for further proceedings consistent with the Supreme Court's opinion in *Octane Fitness.*

# **ARGUMENT**

**A.    Where, As Here, the Supreme Court Alters a Legal Standard To Require Consideration of the Law and the Facts in Equity, Remand to the District Court Is Required.**

The district court's order denying fees to Octane was based on an improper interpretation and application of § 285, which necessarily limited the evidence considered in its fee determination and asked the wrong questions of the evidence that was considered. Because the Supreme Court's decision in *Octane Fitness* requires the district court to consider the totality of the circumstances and to assess the reasonableness of a litigant's actions, in equity, the judgment of the district court in this case must be vacated and the case remanded for further proceedings that will allow the development of facts and consideration of the case as a whole in the first instance. *See Medimmune, Inc. v. Genentech, Inc.,* 219 Fed. Appx. 986 (Fed. Cir. 2007); *see also FTC v. Watson Pharms. Inc.,* 529 Fed. Appx. 985 (11th Cir. 2013) (on remand from the Supreme Court, vacating district court judgment dismissing case and remanding for further proceedings consistent with Court's opinion).

In this regard, *Medimmune, Inc. v. Genentech, Inc.* is instructive. 549 U.S. 118, 137 (2007). The Supreme Court reversed the judgment of this Court affirming the district court's dismissal of a declaratory judgment action. *Id*. The district court had dismissed, holding that the patent licensee could not establish an Article III

6

case or controversy under then-existing law because the licensee had not breached or terminated the license agreement. *Id*. at 122. In reversing, the Supreme Court held that a licensee is not required to breach or terminate a license agreement to establish standing to bring a declaratory judgment action. *Id*. at 137. On remand, Genentech's motion to brief and argue the issues to this Court was denied, and this Court remanded the case to the district court for further proceedings consistent with the Supreme Court's opinion. *Medimmune,* 219 Fed. Appx. at 986. This Court explained that "[t]he issues of law, equity, and policy, and their application to these parties, also require development of the relevant facts, and are not appropriately resolved in the first instance by an appellate tribunal." *Id.*

The above principle applies with greater force in this case because the prior legal framework "impermissibly encumber[ed] the statutory grant of discretion to district courts," *Octane Fitness*, 134 S.Ct. at 1755, and the new framework set forth in *Octane Fitness* requires a "case-by-case exercise of [the district court's] discretion, considering the totality of the circumstances." *Id.* at 1756. According to the Supreme Court "'there is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised . . ." *Id.* (*quoting Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 (1994)). In *Highmark*, the Supreme Court specifically stated that "as a matter of the sound administration of justice, ***the district court is better positioned to decide whether a case is***

*exceptional* . . . because it lives with the case over a prolonged period of time."
*Highmark, Inc. v. Allcare Health & Mgmt. Sys., Inc.*, 134 S.Ct. 1744, 1748 (2014)
(quoting *Pierce v. Underwood*, 487 US. 552, 559-560 (1988)) (internal quotations
omitted) (emphasis added); *Cf Medimmune,* 549 U.S. at 136 ("[F]acts bearing on
the usefulness of the declaratory judgment remedy, and the fitness of the case for
resolution, are peculiarly within the [district court's] grasp.").

Here, the case should be remanded to the district court for development of
the full factual record and determination in the first instance as to whether the case
is exceptional warranting a fee award under § 285.

**B.    Even were this Court to Reconsider the District Court's Decision Under
an Abuse of Discretion Standard of Review, the Case Must be
Remanded for Proceedings Consistent with *Octane Fitness*.**

Even were this Court inclined to retain jurisdiction over this case on
remand, *Highmark* compels a remand to the district court. Under *Highmark,* a
court's exceptional case determination is reviewed for an abuse of discretion.
*Highmark*, 134 S.Ct. at 1748. "A district court would necessarily abuse its
discretion if it based its ruling on an erroneous view of the law or on a clearly
erroneous assessment of the evidence." *Id*. at n.2 (citing *Cooter & Gell v.
Hartmarx Corp.*, 496 U.S. 384, 405 (1990)). That is the case here.

In view of the Supreme Court's decision in *Octane Fitness*, the district court
did not engage in the proper legal or factual analysis in this case. Instead of

evaluating whether Icon's claims "stand[] out from others with respect to the substantive strength of [Icon's] litigating position," or whether Icon pursued the litigation in an "unreasonable manner," for example, the district court examined whether individual arguments made by Icon independently rose of the level of "frivolous" or "objectively baseless." *See, e.g.*, A50-52 (holding that specific arguments made by Icon were not "frivolous" or "objectively baseless"). That *multiple* limitations were lacking from the accused device, such that Icon would have had to prevail on several untenably broad claim constructions and then still survive an invalidity challenge (a no-win scenario), was not even considered by the district court.

Other evidence going to Icon's motivation for suit—a competitive motivation not based on a reasoned and sincere belief that its valuable intellectual property was being infringed—was held not to rise to the level of "clear and convincing evidence of subjective bad faith." A53. This included,

> (1) email exchanges in which an Icon officer stated "We are suing Octane. Not only are we coming out with a great product to go after them, but throwing a lawsuit on top of that", and later with regard to the asserted patent, "Yes - old patent we had for a long time that was sitting on the shelf. . . just looking for royalties" (*id.*);

> (2) documents showing that Octane was a small start-up while Icon was the biggest player in the industry (*id.*); and

> (3) undisputed testimony that Icon never commercialized a product under the asserted patent. *Id.*

Still other evidence bearing on the totality of the circumstances, and once again indicating that this case was competitively motivated and prosecuted unreasonably, though presented, was not considered at all. This included the following:

(1) Octane's ellipticals were award-winning (A2628);

(2) Octane's elliptical machines were covered by a different patent licensed by Octane from two prolific elliptical machine inventors (A2624);

(3) Icon (a Utah company) initially filed suit against Octane (a Minnesota company) in California by joining a small Octane customer located there (A2625); and

(4) Icon initially sued Octane on another patent, but would not dismiss those equally baseless claims until Octane notified Icon that it was aware of an adverse *Markman* ruling in another case and demanded the claims relating to that patent be dismissed (A2626 at n.2).

Having judged the evidence under an erroneous burden of proof and erroneous legal standard, even were this Court to consider the district court's decision anew, it would have to reverse and remand, as the district court abused its discretion in denying fees.[1] Instead, the judgment should be vacated and the case remanded to allow the parties to develop the factual record, properly brief

---

[1]    While Octane has briefly summarized the errors in the district court's decision here, should this Court determine to substantively review the district court's decision rather than remand the case to the district court for determination of the fee motion in the first instance, Octane requests an opportunity to provide full briefing on the issue.

the motion, and to enable the district court to determine Octane's fee motion under the proper standard in the first instance.

**C.    This Court Has Already Determined that the Proper Procedure for Cases Pending Appellate Review of an Order Denying Attorney Fees Under § 285 is Vacating and Remanding for Further Proceedings Consistent with *Octane Fitness*.**

Last, this Court has previously recognized the propriety of district courts resolving § 285 fee motions, in the first instance, under the standard articulated by the Supreme Court in *Octane Fitness*. Shortly after the *Octane Fitness* decision, this Court vacated a judgment denying attorney fees to the prevailing party under the *Brooks Furniture* test that was pending appellate review, and remanded the case to the district court for further proceedings in light of the *Octane Fitness* decision. *See Site Update Solutions, LLC v. Accor North America, Inc.*, 556 Fed. Appx. 962 (Fed. Cir. 2014). This is also the proper procedure in this case. The district court's judgment should be vacated, and the case remanded for application of the proper legal standard and an assessment of the totality of the circumstances to determine whether this case "stands out from others."

## CONCLUSION

For the foregoing reasons, Octane respectfully requests that this Court vacate the district court's denial of attorney fees, and remand for further proceedings consistent with the Supreme Court's opinion in *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 573 U.S. __, 134 S.Ct. 1749 (2014).

Dated: August 12, 2014         HARNESS DICKEY AND PIERCE

By:     /s/ Rudolph A. Telscher, Jr.
Rudolph A. Telscher, Jr.
rtelscher@hdp.com
Kara R. Fussner
kfussner@hdp.com
7700 Bonhomme Ave., Ste. 400
St. Louis, MO 63105
(314) 726-7500
(314) 726-7501 Facsimile

*Attorneys for Defendant-Cross Appellant,
Octane Fitness, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing OCTANE FITNESS, LLC'S BRIEF PURSUANT TO THE COURT'S JULY 14, 2014 ORDER, this 12th day of August, 2014, via the Court's Case Management/Electronic Case Files (CM/ECF) system. The following counsel of record have been electronically served via that system:

Larry Laycock, llaycock@mabr.com
David R. Wright, dwright@ mabr.com
Maschoff Brennan
201 South Main Street, Suite 600
Salt Lake City, UT 84098

C.J. Veverka, cveverka@ mabr.com
Maschoff Brennan
1389 Center Drive, Ste. 300
Park City, UT 84098

***Attorneys for Plaintiff-Appellant, Icon Health & Fitness, Inc.***

Unless otherwise noted, the required paper copies will be delivered to the Court within the time required by the Court's rules.

_____/s/ Rudolph A. Telscher, Jr._____
Rudolph A. Telscher, Jr.
*Counsel for Defendant-Cross Appellant*