Appeal Nos. 2011-1521 & 2011-1636

# United States Court of Appeals
# for the Federal Circuit

---

**ICON HEALTH & FITNESS, INC.**
*Plaintiff-Appellant,*

v.

**OCTANE FITNESS, LLC,**
*Defendant-Cross-Appellant.*

---

Appeal from the United States District Court
for the District of Minnesota in Case No. 09-CV-0319
Judge Ann D. Montgomery

---

**SUPPLEMENTAL BRIEF OF
PLAINTIFF-APPELLANT ICON HEALTH & FITNESS, INC.**

---

Larry R. Laycock
David R. Wright
MASCHOFF BRENNAN LAYCOCK
GILMORE ISRAELSEN & WRIGHT
201 South Main Street, Suite 600
Salt Lake City, Utah 84111
(435) 252-1360

*Attorneys for Plaintiff-Appellant
ICON Health & Fitness, Inc.*

August 12, 2014

# CERTIFICATE OF INTEREST

The undersigned counsel certifies the following:

1.  The full name of every party or amicus represented by me is:

**ICON Health & Fitness, Inc.**

2.  The name of the real party in interest represented by me is:

**ICON Health & Fitness, Inc.**

3.  All parent corporations and any publically held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

**HF Holdings, Inc. is the parent corporation of ICON Health & Fitness, Inc. Credit Suisse Croup, a publicly held corporation, owns 10% or more of the stock of ICON Health & Fitness, Inc.**

4.  The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

| | |
|---|---|
| Lawrence M. Shapiro | Larry R. Laycock |
| Jeanette M. Bazis | David R. Wright |
| GREEN ESPEL PLLP | Sterling A. Brennan |
| 200 S. Sixth Street, Suite 1200 | C.J. Veverka |
| Minneapolis, Minnesota 55402 | David R. Todd |
| (612) 373-0830 | R. Parrish Freeman, Jr. |
| | Mark W. Ford |
| Dean J. Zipser | H. Craig Hall, Jr. |
| Adina L. Witzling | WORKMAN NYDEGGER |
| MORRISON & FOERSTER | 60 East South Temple, Suite 1000 |
| 19900 MacArthur Boulevard. | Salt Lake City, Utah 84111 |
| Twelfth Floor | (801) 533-9800 |
| Irvine, California 92612 | |
| (949) 251-7500 | |

i

Thomas J. Baynard
Andrew D. Winghart
ELKINS, BAYARD & HOLLANDS
20955 Pathfinder Avenue
Suite 160-4
Diamond Bar, California 91765
(909) 843-6590

Carter G. Phillips
Ryan C. Morris
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
(202) 736-8000

Constantine L. Trela, Jr.
SIDLEY AUSTIN LLP
One South Dearborn St.
Chicago, IL 60603
(612) 853-7000

Larry R. Laycock
David R. Wright
Jared J. Braithwaite
MASCHOFF BRENNAN LAYCOCK
GILMORE ISRAELSEN & WRIGHT
201 South Main Street, Suite 600
Salt Lake City, Utah 84111

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ...................................................................i

TABLE OF AUTHORITIES ...................................................................iv

I.   Preliminary Statement.......................................................... 1

II.  The Court should affirm the denial of fees because the district court's underlying findings compel the result that this is still not an exceptional case even after the Supreme Court's rejection of the *Brooks Furniture* exceptional-case test.................... 2

    A.   Regardless of the exceptional-case standard employed, none of the district court's underlying findings indicate that this is an exceptional case warranting the award of attorney fees. ....................................................................... 3

    B.   This Court already found that the district court's underlying findings were not clearly erroneous, and, thus, that the district court did not abuse its discretion in making them. ........................................................................ 5

    C.   The district court found that an award of attorney's fees is not warranted in this case in addition to its finding that the case is not exceptional.............................................. 7

    D.   Application of the same underlying factual findings and conclusions to the Supreme Court's modified exceptional-case standard compels the conclusion that this is still not an exceptional case. .................................................... 10

III. Even if the Court does not affirm the denial of attorney's fees, it cannot, on its own, find this case exceptional and award attorney's fees on the current record.................................. 13

IV. Conclusion............................................................................ 15

# TABLE OF AUTHORITIES

## Cases

*Anderson v. City of Bessemer City*,
  470 U.S. 564 (1985) ................................................................. 14

*Badalamenti v. Dunham's Inc.*,
  896 F.2d 1359 (Fed. Cir. 1990) ............................................... 13

*Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc.*,
  393 F.3d 1378 (Fed. Cir. 2005) .................................................. 8

*Consolidated Aluminum Corp. v. Foseco International Ltd.*,
  910 F.2d 804 (Fed. Cir. 1990) .......................................... passim

*Gardco Manufacturing, Inc. v. Herst Lighting Co.*,
  820 F2d. 1209 (Fed. Cir. 1987) .................................................. 8

*Highmark Inc. v. Allcare Health Management System, Inc.*,
  134 S.Ct. 1744 (2014) ............................................................ 5, 8

*ICON Health & Fitness, Inc. v. Octane Fitness, LLC*,
  496 Fed. Appx. 57 (Fed. Cir. 2012) ..................................... 5, 12

*L.A. Gear, Inc. v. Thom McAn Shoe Co.*,
  988 F.2d 1117 (Fed. Cir. 1993) .................................................. 8

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
  134 S.Ct. 1749 (2014) ...................................................... 6, 7, 12

*S.C. Johnson & Son, Inc. v. Carter–Wallace, Inc.*,
  781 F.2d 198 (Fed. Cir. 1986) .................................................... 8

*SSIH Equipment S.A. v. U.S. International Trade Commission*,
  718 F.2d 365 (Fed. Cir. 1983) .................................................... 5

*Transmatic, Inc. v. Gulton Industries, Inc.*,
  53 F.3d 1270 (Fed. Cir. 1995) ................................................. 14

iv

*Yamanouchi Pharmaceutical Co. v. Danbury Pharmacal, Inc.*,
  231 F.3d 1339 (Fed. Cir. 2000) .................................................................. 5

## Statutes

5 U.S.C. § 706(2)(A) ................................................................................ 5

## I.   Preliminary Statement

In September, 2011, the district court determined that the patent case between ICON Health & Fitness, Inc. and Octane Fitness LLC was not an exceptional case and that an award of attorney's fees was not warranted. Although the Supreme Court rejected the *Brooks Furniture* exceptional-case standard used by the district court, this Court should still affirm the denial of attorney's fees because the district court's findings underlying its denial of fees compel the same result and show that this is not an exceptional case, even under the Supreme Court's modified exceptional-case standard.

The district court determined that all of Octane's arguments for a fee award were overstated or irrelevant and, in any event, did not warrant a fee award. In other words, the district court denied an award of attorney's fees not because it was constrained by the *Brooks Furniture* exceptional-case standard, but because none of the facts of the case warrant fee shifting.

On appeal, this Court found no error in in the district court's factual findings, conclusions, or denial of attorney's fees. Octane then took the matter to the Supreme Court arguing that the *Brooks*

1

*Furniture* exceptional-case standard was incorrect. Octane did not appeal the district court's factual findings and conclusions underlying the denial of attorney's fees. Thus, at the same time that the Supreme Court rejected the *Brooks Furniture* standard, the Supreme Court also highlighted the district court's factual findings in ICON's favor that continue to show that an award of fees is not warranted.

Not one of the district court's factual findings or conclusions underlying its denial of fees is favorable to Octane's fee request. Thus, on review, this case cannot be found exceptional or subject to a fee award. The Court can, however, affirm the denial of fees because the district court's established factual findings and conclusions compel only one result—that this case is not exceptional under any standard and that an award of fees continues to be unwarranted.

## II. The Court should affirm the denial of fees because the district court's underlying findings compel the result that this is still not an exceptional case even after the Supreme Court's rejection of the *Brooks Furniture* exceptional-case test.

While Octane is likely to state that this case should be remanded,

> remand, with its accompanying expenditure of additional judicial resources in a case thought to be completed, is a step not lightly taken and one that should be limited to cases in which further action must be taken by the district court or in

2

> which the appellate court has no way open to it to
> affirm . . . .

*Consolidated Aluminum Corp. v. Foseco Int'l Ltd.*, 910 F.2d 804, 814

(Fed. Cir. 1990).

Affirmance is not only permissible here, but the district court's

underlying findings compel the conclusion that this is still not an

exceptional case warranting a fees award even after the Supreme

Court's rejection of the *Brooks Furniture* exceptional-case standard.

## A. Regardless of the exceptional-case standard employed, none of the district court's underlying findings indicate that this is an exceptional case warranting the award of attorney fees.

Significantly, Octane already argued at the district court that the

"totality of the circumstances" supported an exceptional-case finding.

(A2633–A2634.) Octane's arguments primarily relied on (1) emails

allegedly showing bad faith litigation and (2) ICON's allegedly

unreasonable claim construction positions. (A2619–A2639.) The district

court directly confronted and rejected all of Octane's arguments in its

thorough analysis of the exceptional case issue, which included

numerous factual findings and conclusions underlying its determination

that this case is not exceptional:

3

1. "Viewed in the light most favorable to Octane, [the email] remarks are stray comments by employees with no demonstrated connection to the lawsuit." (A53–54.)

2. Claim construction issues were not easily resolved. (A49–50.)

3. ICON's claim construction arguments were neither frivolous nor objectively baseless. (A50–51.)

4. For several months Octane conceded its machines had elements that were ultimately found absent by the Court in its summary judgment opinion. (A50.)

5. The district court had no reason to doubt ICON's pre-suit investigation. (A52.)

6. The visible differences between Octane's machines and the patented invention did not make it unreasonable to rely on testing and expert opinions as to infringement (A52.)

7. ICON's commercialization of the asserted patent is irrelevant. (A54.)

Each of the district court's findings on Octane's arguments favored ICON—chief among them the determination that "an award of attorney's fees is not warranted." (A54.) Importantly, the district court

did not point to any facts that would tend to show that the case was exceptional or otherwise worthy of a fee award. Absent such facts, the only conclusion is consistent with the district court's original determination—"an award of attorney's fees is not warranted." (A54.)

**B.** **This Court already found that the district court's underlying findings were not clearly erroneous, and, thus, that the district court did not abuse its discretion in making them.**

This Court already determined that the district court did not err in in its factual findings and conclusions underlying its denial of a fee award. *ICON Health & Fitness, Inc. v. Octane Fitness, LLC*, 496 Fed. Appx. 57, 65 (Fed. Cir. 2012). At that time, the Court reviewed the district court's findings of fact under a clearly erroneous standard. *Yamanouchi Pharm. Co. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1347 (Fed. Cir. 2000). Now, however, the even more discretionary abuse-of-discretion standard applies to "all aspects of a district court's § 285 determination." *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S.Ct. 1744, 1749 (2014). [1] There is no reason to reject the district

---

[1] *See SSIH Equip. S.A. v. U.S. Int'l Trade Comm'n,* 718 F.2d 365, 381–83 (Fed. Cir. 1983) (outlining standards of review and noting that 'clearly erroneous' is less deferential than 'arbitrary or capricious'); *cf.* 5 U.S.C. § 706(2)(A) (arbitrary and capricious equated with abuse of discretion in administrative review).

court's underlying factual findings and conclusions now that even more deference is given to the district court.

The fact that the Supreme Court rejected the "clear and convincing" evidentiary burden regarding the exceptional-case determination has little to no applicability to the present record. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 134 S.Ct. 1749, 1758 (2014). While the district court mentioned the "clear and convincing" burden in connection with its bad faith analysis, the district court did not find *any* evidence of bad faith whatsoever. In fact, with respect to Octane's primary alleged evidence of bad faith, the district court said that it could not find that ICON's emails had any connection to the lawsuit— *even in the light most favorable to Octane*. (A53.)

The district court did not rely on the clear and convincing evidentiary burden for any factual findings and conclusions underlying its determination that the case is not exceptional, and as a result those findings and conclusions should stand. (A47–A55.) Moreover, despite the Supreme Court's rejection of the "clear and convincing" evidentiary

standard for the finding of exceptionality, the Supreme Court featured the district court's underlying factual findings without criticism.[2]

Simply put, the district court did not find any circumstances or facts that weighed in favor of Octane on exceptionality or with respect to an award of fees. Octane's arguments regarding the totality of the circumstances and exceptionality fell short of clear and convincing, fell short of a preponderance, and fell short of a smidgen of evidence. Accordingly, the district court's factual findings are established and compel the sole conclusion that this is still not an exceptional case and an award of attorney's fees is not warranted.

## C. The district court found that an award of attorney's fees is not warranted in this case in addition to its finding that the case is not exceptional.

While the district court's determined that this is not an exceptional case through application of the now-rejected standard from *Brooks Furniture*, the district court separately and additionally found that "an award of attorney's fees is not warranted" in this case. (A54.)

---

[2] *Octane*, 134 S.Ct. at 1755 (noting the district court rejection of Octane's argument that the judgment of noninfringement should have been a foregone conclusion); *id.* at 1755 n. 5 (noting the district court's dismissal of Octane's characterization of the emails).

Since long before *Brooks Furniture*, this Court held that "an exceptional case does not require in all circumstances the award of attorney fees." *S.C. Johnson & Son, Inc. v. Carter–Wallace, Inc.*, 781 F.2d 198, 201 (Fed. Cir. 1986).[3] A district court's discretion to not award fees even in exceptional cases remained after *Brooks Furniture. Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1382 (Fed. Cir. 2005) *abrogated on other grounds by Octane*, 134 S.Ct. 1749.[4] Thus, the district court's views about whether a fee award is warranted are both relevant and controlling regardless of the exceptional-case determination. *See Consolidated Aluminum*, 910 F.2d 804.

In *Consolidated Aluminum*, the district court found that, despite inequitable conduct, the case was "not an exceptional case warranting

---

[3] *See also L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1128 (Fed. Cir. 1993); *Gardco Mfg., Inc. v. Herst Lighting Co.,* 820 F2d. 1209, 1215 (Fed. Cir. 1987) ("After the district court determines that a case is exceptional, there remains in every case its freedom to exercise its discretion 'informed by the court's familiarity with the matter in litigation and the interest of justice'").

[4] Nothing in the Supreme Court's remand of this case indicated that the long-standing discretion of a district court to decline fee awards even in exceptional cases was rejected along with the *Brooks Furniture* exceptional-case test. To the contrary, the Supreme Court indicated that district courts should have discretion in "all aspects of [the] § 285 determination." *See Highmark*, 134 S.Ct. at 1749.

an award of attorney fees under 35 U.S.C. § 285." *Id.* at 813. The district court's opinion failed to include the factual findings underlying its determination that the case was not exceptional, and the defendant argued that the case should have been remanded for the district court to make those findings. *Id.* The Federal Circuit declined to remand the case because the lower court found that fees were not warranted. *Id.* at 815. Thus, the Federal Circuit declined to remand because the district court indicated that in its discretion it would not award fees regardless of the exceptional case determination. *Id.*

Likewise, here, the district court held that "an award of attorney's fees is not warranted in this case." (A54.) The fact that the district court also found that the case was not exceptional under the rejected *Brooks Furniture* standard does not destroy the district court's exercise of discretion in stating that a fee award is unwarranted in this case. "No useful purpose would be served by a remand to enable the district court to tell [] in express terms what we already know from the record"—an award of fees is not warranted because there are no facts to warrant a fee award. *See Consolidated Aluminum*, 910 F.2d at 815.

9

Notwithstanding the Supreme Court's rejection of the *Brooks Furniture* exceptional-case standard, this Court can and should affirm the district court's denial of Octane's motion for attorney's fees because its denial does not solely rest on its exceptional-case finding. The district court's denial of an award of attorney's fees also rests on its discretionary determination that "an award of attorney's fees is not warranted" in this case, and this Court can affirm on that basis. (A54.) *See Consolidated Aluminum*, 910 F.2d at 814 (remand "should be limited to cases . . . in which the appellate court has no way open to it to affirm").

**D. Application of the same underlying factual findings and conclusions to the Supreme Court's modified exceptional-case standard compels the conclusion that this is still not an exceptional case.**

While the Supreme Court rejected the *Brooks Furniture* exceptional-case standard employed by the district court, the Supreme Court did not indicate that a different result should—or even could be reached—on remand. Remand "should be limited to cases in which further action must be taken by the district court or in which the appellate court has no way open to it to affirm or reverse the district

10

court's action under review." *Consolidated Aluminum*, 910 F.2d at 814 (Fed. Cir. 1990).

There is no reason that the district court must take further action and expend its resources. Octane surely presented the totality of its arguments when it asked the district court to award fees under the "totality of the circumstances." (A2634.)

The district court already thoroughly addressed and rejected each of Octane's arguments as irrelevant, unsupported, or overstated with respect to the nature of the case, and did not find that any of Octane's arguments weighed in favor of an exceptional-case finding or an award of attorney's fees. (A47–A55.) Nothing weighing in favor of a finding of exceptionality pre-remand is still nothing post-remand.

In rejecting the *Brooks Furniture* test for an exceptional case, the Supreme Court said:

> an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.

11

*Octane*, 134 S.Ct. at 1756. The district court's established findings
compel the conclusion that this is still not an exceptional case under
this new standard.

The district court found, this Court affirmed, and the Supreme
Court noted that claim construction was not a foregone conclusion as
Octane had urged (A49–A50.). *Octane*, 134 S.Ct. at 1755; *ICON Health
& Fitness*, 296 Fed. Appx. at 65. Indeed, the district court said that its
claim construction was not easily reached and that ICON's claim
constructions were neither frivolous nor baseless. (A50–51.) The mere
fact that Octane prevailed on summary judgment does not make this
case "uncommon," "rare," or "stand[] out from others" such that it could
be considered exceptional on that basis alone. *See Octane*, 134 S.Ct. at
1756. This is especially true here where Octane admitted the presence
of disputed claim elements in its accused devices until claim
construction. (A50.)

Also, under its presentation of the totality of the circumstances to
the district court, Octane failed to argue and the district court did not
find that there had been any litigation misconduct. (A47–55; A2633–37;
ICON Bf. 72–73.) And this Court did not note any litigation misconduct

12

despite Octane urging the Court to do so for the first time on appeal. (ICON Bf. 72–73; Octane Bf. at 55, 58–60.)

As set forth herein, the district court did not find any facts that weighed in favor of Octane on exceptionality or with respect its motion for a fee award. When all of Octane's arguments and facts regarding exceptionality have been dismissed already as irrelevant or as not warranting an award of attorney's fees, and all established factual findings point to this case not being exceptional—under any standard— then no useful purpose would be served by a remand to enable the district court to tell us . . . what we already know." *Consolidated Aluminum*, 910 F.2d at 815. Therefore, the Court should avoid the expenditure of further judicial resources and affirm the district court's denial of Octane's motion for attorney's fees.

## III. Even if the Court does not affirm the denial of attorney's fees, it cannot, on its own, find this case exceptional and award attorney's fees on the current record.

The exceptional-case determination is reserved for the district court's discretion. *Badalamenti v. Dunham's Inc.*, 896 F.2d 1359, 1364 (Fed. Cir. 1990) ("The finding of 'exceptional case' is one of fact, and must be made in the first instance by the district court"). In stark

13

contrast to the decision of the district court in *Highmark*, the district court here did not find anything in the record that urged an award of attorney's fees. To the contrary, the district court systematically and thoroughly dismissed Octane's arguments for fees and found that an award of attorney's fees is not warranted in this case.

There are no findings in the record that indicate that this case is exceptional. And this Court should not assume the role of the district court and make additional findings in order to find the case exceptional on its own. *Transmatic, Inc. v. Gulton Indus., Inc.*, 53 F.3d 1270, 1275–76 (Fed. Cir. 1995) ("this court may not engage in fact-finding on its own"); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) ("The reviewing court oversteps the bounds of its duty under Rule 52(a) if it undertakes to duplicate the role of the lower court.").

Because there is nothing to indicate that this case is exceptional, remand to the district court is an exercise in the obvious. Nevertheless, because this Court does not engage in fact-finding of its own, if the Court does not affirm, then remand is the only option.

14

## IV. Conclusion

Despite the Supreme Court's rejection of the *Brooks Furniture* exceptional-case standard employed by the district court, this Court should affirm the district court's denial of Octane's motion for fees based on the district court's discretionary determination that fees are not warranted in this case regardless of exceptionality. At the very least, the Court must remand the case because any finding of exceptionality is reserved for the district court. This Court can and should affirm the denial of Octane's motion for fees because no useful purpose would be served through remand, especially where, as here, no factual findings weigh in favor of an exceptional-case finding warranting an award of fees under any exceptional-case standard.

Dated: August 12, 2014           Respectfully submitted,

/s/ *Larry R. Laycock*

Larry R. Laycock
David R. Wright
MASCHOFF BRENNAN LAYCOCK
GILMORE ISRAELSEN & WRIGHT
201 South Main Street, Suite 600
Salt Lake City, Utah 84111
(435) 252-1360

*Attorneys for Plaintiff-Appellant*
*ICON Health & Fitness, Inc.*

15

# CERTIFICATE OF SERVICE

I certify that on this 12th day of August, 2014, I caused the

foregoing **SUPPLEMENTAL BRIEF OF ICON HEALTH & FITNESS,**

**INC.** to be filed via the Court's Case Management/Electronic Case Files

system. The following counsel of record have been electronically

serviced via that system:

> Rudolph A. Telscher
> Kara R. Fussner
> Harness, Dickey & Pierce
> 7700 Bonhomme Avenue, Suite 400
> St. Louis, Missouri 63105
> *Attorneys for Defendant-Cross-Appellant*
> *Octane Fitness, LLC*

Dated: August 12, 2014

/s/ *Larry R. Laycock*